IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:09-00009 |
| ) | Judge Trauger |
| THOMAS A. "TICK" PAYNE, ) | |
| ) | |
| Claimant. ) | |

## MEMORANDUM AND ORDER

Pending before the court is defendant Thomas A. "Tick" Payne's Motion for Bill of Particulars (Docket No. 133). The United States has filed a response (Docket No. 145), to which the defendant has replied (Docket No. 147). The United States then filed another response to the defendant's reply. (Docket No. 148.) For the reasons discussed below, the defendant's motion will be granted in part and denied in part.

## BACKGROUND

The defendant was arrested after a long-term investigation into a distribution network of methamphetamine in the Columbia, Tennessee area. Subsequently, he was charged with several drug-related crimes, one of which was conspiring to possess with intent to distribute and distributing fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Specifically, Count One of the Superseding Indictment, returned on September 23, 2009, states:

> Beginning no later than in or about 2006, the exact date being unknown to the Grand Jury, through on or about July 2, 2009, in

1

>the Middle District of Tennessee and elsewhere, JULIE A. CRUZ and THOMAS A. "TICK" PAYNE did combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to unlawfully, knowingly, and intentionally possess with intent to distribute and distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).
>
>All in violation of Title 21, United States Code, Section 846.

(Docket No. 49 at 1.)

Nearly a year later, on June 30, 2010, the defendant filed a Motion for Bill of Particulars, requesting the following information: (1) the starting date of the alleged conspiracy, (2) the date on which the Government alleges that Payne joined the conspiracy, (3) the date and nature of the earliest event upon which each co-conspirator allegedly joined the conspiracy, (4) the names, addresses, and phone numbers of all alleged co-conspirators, and (5) a synopsis of alleged overt acts in furtherance of the conspiracy. (Docket No. 133.) The Government filed a response, which provided some additional information regarding the allegations in Count One. (Docket No. 145.) The court then requested a reply from Payne to determine whether he still sought any information from the Government. (Docket No. 146.)

In his reply, Payne requests a hearing and continues to move for certain particulars relating to Count One, including "the timeframe, the charge, the known co-conspirators, and the listed overt acts." (Docket No. 147 at 5-6.)

## ANALYSIS

The defendant has filed a Motion for a Bill of Particulars pursuant to Federal Rule of Criminal Procedure 7(f).

2

## I.  Bill of Particulars

"A bill of particulars is 'a tool to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool . . . to obtain detailed disclosure of all evidence held by the government before trial.'" *United States v. Vassar*, No. 07-5299, 2009 U.S. App. LEXIS 20879, at *9 (6th Cir. Sept. 16, 2009) (alteration in original) (quoting *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993)). "'A defendant is not entitled to a bill of particulars with respect to information which is available through other sources.'" *United States v. Mims*, No. 3:08-CR-116, 2009 U.S. Dist. LEXIS 5291, at *3 (E.D. Tenn. Jan. 23, 2009) (quoting *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991), *superseded by statute on other grounds*, U.S. Sentencing Guidelines Manual § 3B1.1 cmt. n.2 (1993), *as recognized in United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000)).  Whether or not the bill of particulars is granted is at the discretion of the trial court.  *Id.*

## II.  Payne's Requests

Payne seeks more specific information regarding the time frame of the alleged conspiracy, the identity of his co-conspirators, and all of his overt acts alleged to be in furtherance of the conspiracy.[1]  The defendant argues that he is entitled to this information so that he has "adequate notice of the charge to allow for an effective defense." (Docket No. 147 at

---

[1] The defendant also requests more information about the charge against him.  It is not clear what he means by this, but it is clear that Count One charges the defendant with conspiring to unlawfully "possess with intent to distribute and distribute 50 grams or more of methamphetamine" in violation of 21 U.S.C. § 841(a)(1).

3

3.)

## A. The Conspiracy Charge

Payne argues that the conspiracy count of the Superseding Indictment is "vague and undefined." (*Id.*) In support of this argument, he cites a more detailed sex trafficking conspiracy charge in an indictment from a different Middle District of Tennessee case. (*Id.*) This argument is misplaced. Under well-settled Sixth Circuit caselaw, the conspiracy count in this case provides the defendant with sufficient information regarding the charge against him.

Rule 7(c) of the Federal Rules of Criminal Procedure provides that an indictment " shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." In *United States v. Vassar*, No. 07-5299, 2009 U.S. App. LEXIS 20879 (6th Cir. Sept. 16, 2009), the defendant was also charged with conspiring to violate 21 U.S.C. § 841(a)(1), and the facts revealed in the indictment were nearly identical to those in the instant action. 2009 U.S. App. LEXIS 20879, at *3. The conspiracy count in *Vassar* stated:

> From on or before January 1, 2004, until on or about August 24, 2005, within the Eastern District of Tennessee, the defendants . . . and others known and unknown to the grand jury, did conspire, confederate and agree with each other and others known and unknown to distribute and to possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).

*Id.* The court denied the defendant's motion for a bill of particulars, finding that the information alleged in the indictment was sufficient. *Id.* at *3-4. Thus, given its similarity to the conspiracy charge in *Vassar*, Count One the Indictment against Payne comports with the Federal Rules of

4

Criminal Procedure and is neither vague nor undefined. *See also United States v. Mims*, No. 3:08-CR-116, 2009 U.S. Dist. LEXIS 5291, at *4-12 (E.D. Tenn. Jan 23, 2009) (holding that an indictment with language nearly identical to the one returned against Payne was sufficient); *United States v. O'Neal*, No. 3:08-CR-107, 2008 U.S. Dist. LEXIS 105393 (E.D. Tenn. Dec. 30, 2008) (same); *United States v. Myers*, No. 3:06-CR-166, 2007 U.S. Dist. LEXIS 35661, at *12-21 (E.D. Tenn. May 15, 2007) (same).

### B. Time Frame of the Alleged Conspiracy

The defendant seeks the earliest date of the alleged conspiracy and the earliest date that the Government alleges that he joined it. The Sixth Circuit has held that "an indictment that is open-ended as to beginning dates but not end dates suffices." *Vassar*, 2009 U.S. App. LEXIS 20879, at *11. In *Vassar*, however, the beginning date alleged in the original conspiracy count of the indictment was "on or before January 1, 2004." *Id.* at *3. After the district court ordered a bill of particulars on the meaning of this phrase, the prosecution clarified it to beginning "after April 18, 2002." *Id.* at *10. On appeal, the defendant argued that, even after this clarification, the alleged starting date was insufficient. *Id.* The Sixth Circuit concluded that the Government's response to the bill of particulars was adequate and that the defendant was not entitled to a more detailed disclosure regarding the dates of the alleged conspiracy. *Id.* at *11.

Here, Count One is similar to the original indictment in *Vassar*. It says that the conspiracy involving Payne began "not later than in or about 2006, the exact date being unknown to the Grand Jury, through on or about July 2, 2009." (Docket No. 49 at 1.) The Government ostensibly uses this phrase to denote when the alleged conspiracy approximately

5

began; however, "not later than" has the same meaning as "at least as early as." Thus, Count One has the same problem as the indictment in *Vassar*: the beginning date is completely open-ended, giving Payne absolutely no guidance as to how far back the alleged conspiracy might extend.

Consequently, the Government shall provide the defendant with a firmer beginning date relating to his alleged involvement in the conspiracy. "To the extent that the defendant['s] involvement in the conspiracy was a time period shorter than the entire conspiracy, the government shall be required to provide the dates that he entered the conspiracy . . . ." *Myers*, 2007 U.S. Dist. LEXIS 35661, at *19. This date need not be exact, as long as it approximately marks the earliest date that the Government is alleging that Payne became involved in the conspiracy. *See O'Neal*, 2008 U.S. Dist. LEXIS 105393, at *9 (requiring the prosecution to "provide the approximate dates that [the defendant] entered the conspiracy"). Additionally, because Payne will be liable for the actions of others in the conspiracy, the Government shall also provide a firmer beginning date for the overall conspiracy.

### C.     Co-Conspirators

Payne requests a list of the known co-conspirators involved in Count One. The law is clear, however, that "the government 'is not required to furnish the name[s] of all other co-conspirators in a bill of particulars.'" *Vassar*, 2009 U.S. App. LEXIS 20879, at *10 (quoting *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004)). "A defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a

6

prerequisite to obtaining a conspiracy conviction." *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991) (citing *Rogers v. United States*, 340 U.S. 367, 375 (1951)).

In Count One, the Government alleges that the defendant conspired with Julie Cruz "and others known and unknown to the Grand Jury." (Docket No. 49 at 1.) In its response to the defendant's original Motion for Bill of Particulars, the Government gave the defendant the names of ten additional alleged co-conspirators (Docket No. 145 at 7), which allowed Payne to create his own list (Docket No. 147 at 4). Thus, the response is sufficient, and the Government is not required to produce the names of any additional co-conspirators.

### D. Overt Acts

The defendant also seeks a list of the overt acts that the Government alleges he committed in furtherance of the conspiracy. Again, it is well-established that "a defendant is not entitled to discover all the overt acts that might be proven at trial." *Salisbury*, 983 F.2d at 1375; *see also Mims*, 2009 U.S. Dist. LEXIS 5291, at *10. Through discovery, the Government has provided the defendant with a sufficient amount of information to give him adequate notice of the conspiracy charge against him. Payne even admits that the particulars he seeks, including the list of overt acts, "can be specified from the information already disclosed." (Docket 147 at 3.) Therefore, the court finds that a bill of particulars listing the alleged overt acts is not warranted.

### CONCLUSION

For the reasons discussed above, the defendant's Motion for a Bill of Particulars is **GRANTED** as to the beginning date of his involvement in the alleged conspiracy and **DENIED** as to the remainder of the particulars sought.

7

It is so ordered.

Entered this 6th day of August 2010.

_____
ALETA A. TRAUGER
United States District Judge